IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

GARY LYNN CONLEY                                                                                          PLAINTIFF
ADC #163989

v.                                              4:24-cv-00016-LPR-JJV

LARRY JEGLEY,
Prosecutor, State of Arkansas; *et al.*                                                              DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

I.      INTRODUCTION

Gary Lynn Conley ("Plaintiff") is a prisoner in the Varner Unit of the Arkansas Division of Correction ("ADC"). He has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 2.)

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* When conducting this

review, the court construes *pro se* pleadings liberally. *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015). But "labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint must provide "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.*

## II. ALLEGATIONS

Plaintiff says Defendants Prosecutor Larry Jegley, the Pulaski County Courts, and his unknown ADC custodian are harassing and discriminating against him by holding him in custody as a result of unspecified criminal convictions. (Doc. 2.) According to Plaintiff, his unlawful incarceration has prevented him from earning wages doing the jobs he held prior to incarceration. And he says Defendant Stephanie Conley, who is his mother, is the "only one who has a right to call me their property." (*Id.* at 5.) For the following reasons, I conclude he has failed to plead a plausible § 1983 claim for relief.

First, the only relief Plaintiff seeks is his immediate release from prison. And this is not the first time he has attempted to use a § 1983 action to obtain his release. *See Conley v. State of Arkansas*, 4:22-cv-00090-BRW (E.D. Ark. Mar. 10, 2022) (dismissed for failing to state a plausible claim for relief). As previously explained to Plaintiff, a § 1983 action cannot be used to obtain his release. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Instead, his proper vehicle for challenging the validity of his convictions or sentences is to file a federal habeas action <u>after</u> exhausting his available state court remedies. *Id.* Further, even if Plaintiff had requested damages, he cannot do so until the validity of his allegedly unlawful convictions and/or sentences are reversed, set aside, or expunged by a state or federal

habeas court. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Second, Defendant Jegley is entitled to absolute immunity from suit for actions taken while carrying out his prosecutorial role. *Woodworth v. Hulshof*, 891 F.3d 1083, 1089 (8th Cir. 2018); *Reasonover v. St. Louis Cnty., Mo.*, 447 F.3d 569, 580 (8th Cir. 2006).

Third, the Pulaski County Courts are not proper defendants in a § 1983 action. *Mildfelt v. Cir. Ct. of Jackson Cnty., Mo.*, 827 F.2d 343, 345 (8th Cir. 1987); *Harris v. Mo. Court of Appeals,* 787 F.2d 427, 429 (8th Cir. 1986).

Fourth, a § 1983 action can only be brought against a state actor for the violation of a constitutional right. See 42 U.S.C. § 1983; *Roberson v. Dakota Boys & Girls Ranch*, 42 F.4th 924, 928 (8th Cir. 2022); *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). Plaintiff has not provided any facts suggesting his mother is a state actor or that she violated his constitutional rights.

Fifth, because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Plaintiff has not alleged any facts suggesting his unknown ADC custodian has violated his constitutional rights, through his own individual actions. While Plaintiff's custodian would be the proper defendant in a habeas action, he is not in a § 1983 action based on the facts raised in the Complaint.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. In the future, the dismissal of this case should be counted as a strike for purposes

of 28 U.S.C. § 1915(g).

      3.     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

      DATED this 9th day of January 2024.

                                                               _____
                                                                JOE J. VOLPE
                                                                UNITED STATES MAGISTRATE JUDGE